UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ROBERT LEE BEALL,

        Debtor.

_____/

Case No. HK 13-09232
Chapter 13
Hon. Scott W. Dales

**MEMORANDUM OF DECISION AND ORDER
SUSTAINING OBJECTION TO PLAN**

Robert Lee Beall ("Debtor") filed a chapter 13 plan (the "Plan," DN 26) that, among other things, would require the chapter 13 trustee ("Trustee") to pay the Debtor's attorney in full before making payments to creditors, including Nationstar Mortgage LLC ("Nationstar"). Nationstar filed an objection to the Plan, contending that the Plan impermissibly modifies its rights under a residential mortgage and note in violation of 11 U.S.C. § 1322(b)(2). *See* Objections to Confirmation (the "Objection," DN 29). The Debtor filed a brief in response to the Objection, and the court held a hearing on February 13, 2014, in Kalamazoo, Michigan, at which the Debtor, Nationstar, and the Trustee all appeared through counsel.

The Objection presents a question that Judge Gregg recently resolved, against this same attorney, in *In re Rogers*, 500 B.R. 537 (Bankr. W.D. Mich. 2013), a case relegated to a footnote in the Debtor's brief. The court agrees with Judge Gregg's holding in *Rogers* that a court cannot confirm a plan that modifies the rights of a holder of a claim protected under § 1322(b)(2), notwithstanding the language in § 1326(b)(1) that requires a trustee to satisfy administrative claims before paying claims of creditors, including secured creditors.

Here, as in *Rogers*, the Debtor's counsel prepared the Plan using the District's model plan, but struck the standard language that makes payment of the Debtor's attorney's fees

"subject to monthly continuing claims payments." *See* Plan at ¶ IV.H.I.4.  If confirmed as presented, the Plan would require the Trustee to pay the Debtor's attorney in full before paying Nationstar, even if doing so postpones Nationstar's receipt of regular monthly payments under the Plan (contrary to the parties' mortgage documents).  The court infers from the Debtor's brief that his Plan payments are not sufficient to pay his attorney's fee in full *and* remain current on post-petition payments to Nationstar at confirmation.  11 U.S.C. § 1322(b)(5) ("cure and maintain" exception to anti-modification principle in § 1322(b)(2)).  Under these circumstances, striking the phrase "subject to monthly continuing claims payments" from paragraph IV.H.I.4 impermissibly modifies Nationstar's rights by authorizing the Trustee to pay attorney's fees in full while postponing monthly mortgage payments otherwise due under the mortgage documents.  This is contrary to well-settled law.  *Cf. Nobelman v. American Sav. Bank*, 508 U.S. 324, 331–32 (1993) (under § 1322(b)(2)'s anti-modification principle, the amount of the monthly payment, the interest rate and the amortization must remain constant).  Of course, if the Trustee were to have enough money on hand at confirmation to pay Debtor's counsel's fee in full and pay enough to Nationstar under the Plan to satisfy § 1322(b)(5), striking the language would not render the Plan objectionable.

If strict compliance with § 1326(b)(1) prevents a trustee from making regular mortgage payments under a plan to a creditor protected under § 1322(b)(2), the plan does not comply with §§ 1322(b)(2) and 1322(b)(5).  If a plan does not comply with the provisions of chapter 13, the court cannot confirm it under § 1325(a)(1).  In effect, chapter 13 protects equally the holder of an allowed administrative claim and the holder of a non-modifiable mortgage claim,  and a plan that does not protect the interests of both cannot be confirmed over the objection of either.

The court does not believe that § 1322(b)(2) trumps § 1326(b)(1).  Rather, both perform their respective roles, with many secured claims (at least those outside the aegis of § 1322(b)(2)) effectively subordinated to administrative claims, as Judge Tucker suggested in *In re Harris*, 304 B.R. 751 (Bankr. E.D. Mich. 2004).  As Judge Gregg pointed out in *Rogers*, however, *Harris* involved claims secured by personal property. Such claims are generally modifiable under § 1322(b)(2).  It is possible, and therefore required, to give effect to § 1322(b)(2) and § 1326(b)(1) both, if only by concluding (as § 1325(a)(1) indicates) that a plan that does not comply with both sections cannot be confirmed.

 Interested parties, including administrative claimants, are always free to refrain from asserting statutory rights, and frequently do so for good reasons.  For example, under § 1326(b)(1), a chapter 13 debtor's counsel could insist on full, early payment of administrative expense claims, but most do not when such insistence would doom confirmation.  Frequently, an attorney's prospects for payment in a chapter 13 proceeding depends upon compromise (the hallmark of title 11) and the client's success under the plan.  Indeed, if the efforts of counsel fail to produce a confirmable plan, it is conceivable that a court may not find sufficient benefit to the debtor to award fees in whole or in part under § 330(a)(4)(B).  As a practical matter, cooperation from the debtors' bar makes possible and feasible many chapter 13 "save the home" plans, and increases the likelihood that attorneys will be compensated for their efforts.

Indeed, as Judge Gregg suggested in *Rogers*, Debtor's counsel's argument under § 1326(b)(1) seems to benefit counsel more than the Debtor, a concern the court may address when considering counsel's fee request in connection with confirmation of an amended plan. *See* 11 U.S.C. § 330(a)(4)(B) (permitting the court to allow compensation for "representing the interests

3

of the debtor" after considering the "benefit and necessity of such services to the debtor . . ."); *Rogers*, 500 B.R. at 543-44.

For the foregoing reasons, the court will sustain Nationstar's Objection, and adjourn the confirmation hearing to give the Debtor an opportunity to propose a plan that conforms to the court's ruling.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (DN 29) is SUSTAINED.

IT IS HEREBY ORDERED that the confirmation hearing is adjourned to March 13, 2014, at 9:15 a.m., at the United States Court House in Kalamazoo, Michigan.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Robert W. Dietrich, Esq., attorney for Debtor, James W. Batchelor, Esq., attorney for Nationstar Mortgage, Brett N. Rodgers, chapter 13 trustee, and upon all creditors and other parties in interest listed upon the mailing matrix on file herein.

[END OF ORDER]

**IT IS SO ORDERED.**

**Dated February 19, 2014**



Scott W. Dales
United States Bankruptcy Judge